This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                **NO. 32,136**

**ERNIE BEGAYE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellant

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}   The State of New Mexico charged Defendant Ernie Begaye with eleven counts of first degree criminal sexual penetration of a minor under the age of thirteen and fourteen counts of criminal sexual contact of a minor with respect to three separate minors.  The acts that were the subject of the criminal information occurred in Parcel Three of Fort Wingate in McKinley County, New Mexico.  The district court dismissed the criminal information for lack of subject matter jurisdiction because the acts occurred in "Indian country" as defined by 18 U.S.C. Section 1151 (1949).  Indian country is not subject to state jurisdiction. *See State v. Dick*, 1999-NMCA-062, ¶¶ 1, 28, 127 N.M. 382, 981 P.2d 796 (holding that the state did not have jurisdiction to prosecute when the defendant was stopped in Indian country).  The State appeals, arguing that Parcel Three of Fort Wingate (Parcel Three) is not located within Indian country and is subject to the jurisdiction of the state court.

{2}   At issue in this appeal is subsection (b) of 18 U.S.C. Section 1151.  It includes within the definition of Indian country "all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state[.]"  18 U.S.C. Section 1151(b).  The United States Supreme Court has interpreted subsection (b) to require that the land in question (1) "must have been set aside by the Federal Government for the use of the Indians as Indian land;"(set aside requirement) and (2)

"must be under federal superintendence." *Alaska v. Native Vill. of Venetie Tribal Gov't*, 522 U.S. 520, 527 (1998). The parties contest only the set aside requirement.

{3} The State acknowledges that this Court in *Dick*, 1999-NMCA-062, ¶ 28, held that Parcel Three of Fort Wingate met the set aside requirement and is located in Indian country. It asks this Court to instead adopt the reasoning of *United States v. M.C.*, 311 F. Supp. 2d 1281 (D.N.M. 2004), in which the United States District Court for the District of New Mexico held that Parcel Three did not meet the set aside requirement and thus is not within Indian country. *Id.* at 1297.

{4} This Court has recently decided *State v. Steven B.*, 2013-NMCA-__, __ P.3d __ (No. 31,322, Apr. 1, 2013), involving another appeal by the State in which it raised the same arguments as it does in this appeal. This Court held, following *Dick*, that Parcel Three meets the set aside requirement and falls within Indian country. *Steven B.*, 2013-NMCA-__, ¶ 16. *Steven B.* controls this appeal.

{5} The acts charged occurred within Indian country. The State does not have jurisdiction in this case. We affirm the district court's dismissal.

{6} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**